37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert I. RIVERA, Petitioner-Appellant,
v.
Robert FURLONG, Gale Norton, Attorney General of the State
of Colorado, Respondents-Appellees.
 No. 94-1309.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 Before McWILLIAMS, BARRETT AND LOGAN, Senior Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In this, his third petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254, petitioner, appearing pro se, asserted that his rights to due process and equal protection guaranteed him under the United States Constitution were violated in 1986 when he was tried and convicted in a Colorado state district court of possession of a weapon by a previous offender. Following that conviction, petitioner pled guilty to habitual criminal charges and was sentenced to life imprisonment.
 
 
 3
 The matter was referred to United States Magistrate Judge Richard M. Borchers, who filed his Recommendation on May 18, 1994, recommending that the petition be dismissed for failure of petitioner to exhaust state remedies, or, if no state remedy be available to him, for procedural default on the part of petitioner. The petitioner filed his objections to the magistrate's Recommendation, contending that Section 16-5-402(3) C.R.S. prohibits him from bringing a collateral attack against his state conviction and that he could not have challenged the final Colorado Supreme Court ruling in his case on Fourteenth Amendment due process grounds until after the final State Supreme Court ruling.
 
 
 4
 The district court entered its order on June 28, 1994, overruling petitioner's objections and fully adopting the Magistrate Judge's Recommendation in dismissing the petition.
 
 
 5
 The district court thereafter entered an order denying petitioner's application for a certificate of probable cause of appeal. We grant petitioner's renewed application for a certificate of probable cause simply in order to reach the merits of this appeal.
 
 
 6
 On appeal, petitioner contends that (1) the district court erred in denying his petition on the ground that he was in procedural default for failure to "challenge on his original State appeal that he somehow knew that the final Colorado state supreme court ruling before it was rendered would result in an arbitrary application of state law that would violate the 14th amendment of the United States Constitution" (see Opening Brief of appellant, p. 8), and (2) the district court erred in ruling that petitioner may have failed to exhaust available state remedies because Section 16-5-402(3) C.R.S. does not permit collateral attacks upon a judgment of conviction which has been sustained upon review by a court of appellate jurisdiction.
 
 
 7
 We affirm for substantially the reasons set forth in the "Recommendation of the United States Magistrate Judge" entered May 18, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470